TIMOTHY S. LAFFREDI (SBN WI 1055133)
Assistant United States Trustee
TREVOR R. FEHR (SBN 316699)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
280 South First St., Suite 268
San Jose, CA 95113
Telephone:     (408) 535-5525
Facsimile:     (408) 535-5532
Email: Trevor.Fehr@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SANTA ROSA DIVISION**

In re:

TERRY LEE SLATER,

Debtor.

Case No: 18-10505 CN

Chapter 11

Date:   December 19, 2018
Time:   11:00 a.m.
Ctrm:   Honorable Charles Novack
        99 South "E" Street
        Santa Rosa, CA

**MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO 11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014, TO <u>CONVERT OR DISMISS CHAPTER 11 CASE</u>**

Tracy Hope Davis, United States Trustee for Region 17 ("United States Trustee"), by and through her undersigned counsel, hereby files this *Motion of the United States Trustee, Pursuant To 11 U.S.C. § 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Convert or Dismiss Chapter 11 Case* ("Motion").[1]

"Cause" exists to dismiss or convert this Chapter 11 case to Chapter 7 for several reasons. First, the Debtor has failed to provide proof of insurance on his real, personal, and business properties. Second, the Debtor has failed to file any Monthly Operating Reports in this case. Third, the Debtor failed to appear at the meeting of creditors convened under 11 U.S.C. §341(a). Fourth,

---

[1] Hereafter, all references to "Section" in the Motion are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 *et. seq.*, unless otherwise indicated. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.

UST Motion to Convert or Dismiss Case Pursuant to 11 U.S.C. § 1112(b): 18-10505-CN            -1-

the Debtor has failed to timely provide information and attend meetings reasonably requested by the United States Trustee. For these reasons, the United States Trustee has established cause to convert or dismiss this case pursuant to Section 1112(b). The Motion is supported by the following Memorandum of Points and Authorities and the Declaration of Bankruptcy Analyst Kristine Kinne, dated November 21, 2018, ("Kinne Declaration") filed herewith.

I. **BACKGROUND FACTS AND PROCEDURAL POSTURE**

    A. **Summary of Facts.**

        a. Case Background

1. On July 25, 2018, Terry Lee Slater ("Debtor") filed a voluntary Chapter 11 bankruptcy petition ("Petition").[2] Debtor operates Slater Consulting. ECF No. 1, at 2.[3] The Debtor allegedly filed the Petition to prevent the impending foreclosure of his real property. ECF No. 27.

2. No Official Committee of Unsecured Creditors has been appointed by the United States Trustee. *See generally* Bankruptcy Court Docket for case number 18-10505-CN.

3. The initial Section 341 Meeting of Creditors ("Meeting of Creditors") was scheduled for September 7, 2018. ECF No. 17.

4. On August 3, 2018, the Bankruptcy Court issued an Order and Notice of Dismissal for Failure to Comply due to the Debtor's failure to abide by the Bankruptcy Court's Order to File Required Documents and Notice of Automatic Dismissal. ECF Nos. 19 & 9 (respectively).

5. On August 31, 2018, the Debtor filed a Motion to Vacate Dismissal. ECF No. 24. On September 26, 2018 the Bankruptcy Court granted the motion and vacated the order dismissing the case. ECF No. 32. At the hearing, the Court requested that the Debtor change his address on file with the Court. *See* Kinne Declaration. The Debtor has not done so. *Id*. *See also generally* Bankruptcy Court Docket for case number 18-10505-CN.

---

[2] The U.S. Trustee requests that the Court take judicial notice of the Debtor's Petition, Schedules, Statement of Financial Affairs, other documents filed therewith, and any amendments thereto which are in the Court's file in this case pursuant to Fed. R. Evid. 201, as made applicable by Fed. R. Bankr. P. 9017. The information contained in these documents, signed under penalty of perjury by Debtor, are admissions of the Debtor pursuant to Fed. R. Evid. 801(d).

[3] "ECF No." refers to the main Bankruptcy Court Docket for case number 18-10505.

UST Motion to Convert or Dismiss Case Pursuant to 11 U.S.C. § 1112(b): 18-10505-CN    -2-

6. The Debtor has not filed any Monthly Operating Reports ("MORs") in this case. *See generally* Bankruptcy Court Docket for case number 18-10505-CN.

### b. The Debtor's Initial Debtor Interview and Meeting of Creditors

7. On September 28, the Bankruptcy Court served an Amended Notice of Chapter 11 Bankruptcy Case on Debtor, his creditors, and other parties in interest. ECF No. 11. The Notice indicated that the Meeting of Creditors would be held on November 2, 2018, at 11:00 a.m. *Id.* The Notice also stated that "Debtors must attend the meeting to be questioned under oath…" and "If a debtor fails to appear, your case may be dismissed without further notice." *Id.*

8. The Initial Debtor Interview ("IDI") to be conducted by the United States Trustee was scheduled for October 30, 2018. *See* Kinne Declaration.

9. The United States Trustee sent several requests and follow-up requests for documents and information to the Debtor in anticipation of the IDI scheduled for October 30, 2018. *Id.* The Debtor acknowledged receipt of certain of these requests, and indicated that he would provide the requested documents prior to the IDI. *Id.*

10. To date, the Debtor has not provided any of the requested IDI documents. *Id.*

11. The Debtor failed to appear at the IDI scheduled for October 30, 2018. *Id.*

12. The Debtor also failed to appear at the meeting of creditors scheduled for November 2, 2018. *Id.* The meeting of creditors was continued November 16, 2018 at 1:00 p.m. *Id.* The Debtor failed to appear at the continued meeting of creditors as well. *Id.*

### c. The Debtor's Assets and Liabilities

13. On August 9, 2018, the Debtor filed his bankruptcy schedules and a Statement of Financial Affairs ("SOFA"). ECF No. 22. The Debtor's Schedule A/B listed $2,500,000 in real property and $42,900 in personal property. ECF No. 22 at 1. The Debtor claimed one piece of real property located at 3351 D Street Extension in Petaluma, California ("3351 D Street Extension").[4] *Id.* at 3.

---

[4] On September 26, 2018, at the hearing on the Debtor's Motion to Vacate Dismissal, the Debtor testified that a foreclosure of the real property took place prior to the hearing. *See* Kinne Declaration.

UST Motion to Convert or Dismiss Case Pursuant to 11 U.S.C. § 1112(b): 18-10505-CN -3-

14. The Debtor's personal property includes a 2002 BMW, a 1986 Mercedes, a 1998 Jeep Cherokee, a boat, and a motorhome. *Id*. at 4. The Debtor listed that the combined value of all of these vehicles is $15,900. *Id*. at 4.

15. On his Schedule D, the Debtor listed $1,505,200 in secured debt. *Id*. at 15-17. All secured claims are secured by 3351 D Street Extension. *Id*. at 15-17. The Debtor also listed $36,000 in unsecured claims, $30,000 of which is owed to Elizabeth Green for domestic support obligations. *Id*. at 19.

    **B.    Jurisdiction**

The Bankruptcy Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §§ 1334 and 157(b).

The United States Trustee brings this Motion pursuant to her statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

The United States Trustee has standing to prosecute the Motion pursuant to 11 U.S.C. §§ 307 and 1112, and FRBP 1017 and 9014.

**II.    MEMORANDUM OF POINTS AND AUTHORITIES**
    **A.    Cause Exists Under 11 U.S.C. §§ 1112(b)(1) to Convert or Dismiss This Bankruptcy Case.**

11 U.S.C. §1112(b)(1) provides that:

> Except as provided in paragraph (2) and subsection (c), on request . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

Section 1112(b) includes a non-exclusive list of what constitutes "cause;" however, the court should "consider other factors as they arise, and use its equitable power to reach the appropriate result." *Pioneer Liquidating Corp. v. United States Trustee (In re Consolidated Pioneer Mortgage Entities),* 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) *aff'd,* 264 F.3d 803 (9th Cir. 2001). The bankruptcy court has broad discretion to determine what constitutes "cause" adequate for dismissal or conversion under § 1112(b). *Id.*

UST Motion to Convert or Dismiss Case Pursuant to 11 U.S.C. § 1112(b): 18-10505-CN     -4-

As movant, the United States Trustee bears the burden of establishing by preponderance of the evidence that cause exists. *Sullivan v. Harnisch (In re Sullivan),* 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014) (citation omitted). Where reorganization or rehabilitation is unrealistic or futile, a chapter 11 case may be dismissed or converted even at its outset. *Johnston v. Jem Dev. Co. v. Johnston (In re Johnston),* 149 B.R. 158, 162 (B.A.P. 9th Cir. 1992). If a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether dismissal, conversion is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate. *In re Sullivan*, 522 B.R. at 612.

### B. Cause Exists Under 11 U.S.C. §1112(b)(4)(C) because Debtor has Failed to Maintain Appropriate Insurance.

According to 11 U.S.C. §1112(b)(4)(C), a chapter 11 case should be dismissed or converted if the debtor's "failure to maintain appropriate insurance…poses a risk to the estate or to the public." When a debtor owns real property with structures, Section 1112(b)(4)(C) requires that the debtor maintain property and liability insurance to protect the estate. *In re Blixesth,* 2009 LEXIS 1628 at *13- 17 (Bankr. Mont. May 29, 2009); *In re Perez*, 2014 LEXIS 2202 at *4 (Bankr. E.D. Cal. May 14, 2014*); Gilroy v. Ameriquest Mortgage Co., et al. (In re Gilroy),* 2008 LEXIS 3968 at *14-16 (B.A.P. 1st Cir. Aug. 4, 2008).

Debtor, as a fiduciary of the estate, is required under the Bankruptcy Code and the United States Trustee Guidelines to maintain appropriate insurance coverage. Here, Debtor has not provided proof of insurance and assets of the estate may not be protected against loss. Additionally, the Debtor has avoided every opportunity to respond to inquiries from the United States Trustee and creditors with regard to whether appropriate and effective insurance exists on his property. Accordingly, failure to maintain effective and appropriate insurance coverage is "cause" for dismissal or conversion of this case pursuant to 11 U.S.C. § 1112(b)(1) and (b)(4)(C).

### C. Cause Exists Under 11 U.S.C. §1112(b)(4)(F) because Debtor Failed to File Operating Reports and Change His Address As Requested by the Court.

"Cause," as used in Section 1112(b)(1), is defined in pertinent portions of Section

1112(b)(4) as follows:

> For purposes of this subsection, the term 'cause' includes—
>
> . . .
>
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
>
> . . .

11 U.S.C. §§ 1112(b)(1) and (b)(4)(F).

The Debtor has failed to file MORs for the entirety of his bankruptcy case. These MORs are required by applicable United States Trustee Guidelines, as well as the Bankruptcy Code and Rules.[5] As other Courts have held, monthly reports and the financial disclosures contained in them "are the life blood of the Chapter 11 process" and are more than "mere busy work." *YBA Nineteen, LLC v. IndyMac Venture, LLC (In re YBA Nineteen, LLC),* 505 B.R. 289, 303 (S.D. Cal. 2014) (citation omitted). *See also In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (citation omitted).

Even if the Debtor were now to file all of its monthly operating reports that are past due, the Debtor's delay in filing would itself constitute cause to convert or dismiss this case under Section 1112(b).[6] Cause, as defined in Section 1112(b), includes the "unexcused failure to satisfy *timely* any filing or reporting requirement." 11 U.S.C. § 1112(b)(4)(F) (emphasis added). *In re Babayoff*, 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011) (finding cause to convert or dismiss under Section 1112(b) where debtor filed multiple monthly operating reports "in a single batch, weeks or months late").

---

[5] The applicable United States Trustee Guidelines ("Guidelines") provide that each Chapter 11 Debtor "shall file with the court and contemporaneously serve on the United States Trustee a report for every calendar month or portion thereof during which the case is pending." *See Region 17: United States Trustee Guidelines*, available at http://www.justice.gov/ust/r17/docs/general/guidelines.htm . The Guidelines also require debtors to file each operating report "on or before the 20th day of the month immediately following the month described in the report." *Id. See also In re Whetten*, 473 B.R. 380, 383 (Bankr. D. Colo. 2012) ("The UST is charged with supervising the administration of Chapter 11 cases, including a debtor's performance of its statutory and fiduciary responsibilities. 28 U.S.C. § 586(a)(3). To perform this role, the UST has adopted reporting requirements embodied in its guidelines, which a debtor-in-possession is required to fulfill."). In addition, FRBP 2015(a)(2) and (3), and LR 2015 require the filing of periodic reports as the United States Trustee requires.

[6] Given the Debtor's failure to file operating reports, the United States Trustee reserves her rights to supplement her Motion in the event that the Debtor tardily files reports that support cause for conversion under Section 1112(b)(4)(A).

The Debtor has also failed to update his address with the Court as requested. Northern District of California Civil Local Rule 3-11, which is incorporated into the Bankruptcy Local Rules under B.L.R. 1001-2, states that "a party proceeding pro se whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address." N.D. Cal. Civ. L. Rule 3-11 & N.D. Cal. B.L.R. 1001-2. In the hearing on September 26, 2018, the Court requested that the Debtor change his address on file with the Court. *See* Kinne Declaration. The Debtor has not done so. *Id*.

Accordingly, there is cause to dismiss this bankruptcy case, and the Court should enter an order dismissing the case pursuant to 11 U.S.C. §§ 1112(b)(1) and (b)(4)(F).

### D. Cause Exists Under 11 U.S.C. § 1112(b)(4)(G) because Debtor has Failed to Attend the Meeting of Creditors.

Under 11 U.S.C. § 1112(b)(4)(G), cause to convert or dismiss a case includes the failure of a debtor "to attend the meeting of creditors convened under section 341(a)…without good cause shown by debtor." Cause under this section can be found based on a debtor's failure to appear at a meeting of creditors despite having advanced notice. *See In re McKenna*, 2017 LEXIS 4083 at *21 (Bankr. D.R.I. Dec 1, 2017). Further, a debtor should present a reasonable explanation or good cause as to why they failed to attend the meeting of creditors. *See In re Oakland Hills Land Dev., LLC*, 2010 LEXIS 4911, at *1-3 (Bankr. E.D. Mich. June 23, 2010).

Here, despite having advance notice, Debtor did not appear at the meetings of creditors scheduled for November 2 and November 16, 2018. As a result, Debtor now has the burden to explain his failure to attend the meeting by establishing good cause. Debtor has not done so. Therefore, "cause" to dismiss or convert exists based upon Debtor's failure to appear at the duly noticed meeting of creditors pursuant to 11 U.S.C. § 1112(b)(1) and (b)(4)(G).

### E. Cause Exists Under 11 U.S.C. § 1112(b)(4)(H) because Debtor has Failed to Provide Information and Attend Meetings Reasonably Requested by the United States Trustee.

"Cause" to convert or dismiss may also exist under 11 U.S.C. § 1112(b)(4)(H) if a debtor has failed "timely to provide information or attend meetings reasonably requested by the United

UST Motion to Convert or Dismiss Case Pursuant to 11 U.S.C. § 1112(b): 18-10505-CN                -7-

States trustee." Under 28 U.S.C. 586(a)(3)(D) "[t]he UST has a statutory duty and authority to require, monitor and seek court enforcement of a chapter 11 debtor's compliance with the UST's guidelines and reports." *See In re Serron Investments, Inc. (In re Serron Invs., Inc.)*, 2012 LEXIS 2625, at *16 (B.A.P. 9th Cir. June 8, 2012).

A debtor-in-possession's failure to provide information requested by the Guidelines constitutes cause under section 1112(b)(4)(H). *In re Cannon*, 143 B.R. 805, 806-07 (Bankr. W.D.N.Y. 1992) (finding cause to dismiss case under section 1112(b) for failure to provide information requested in the Guidelines); *In re 3868-70 White Plains Rd., Inc.*, 28 B.R. 515, 519 (Bankr. S.D.N.Y. 1983) (same).

Belatedly providing information requested in the Guidelines does not circumvent the requirement that the information not only be provided, but that it be provided timely. *See, e.g.*, *In re Westgate Props., Ltd.*, 432 B.R. 720, 724 (Bankr. N.D. Ohio 2010) (finding cause to convert case under § 1112(b)(4)(H) where information requested in the Guidelines was provided "on the eve of the Hearings").

Here, the Debtor has failed to attend the United States Trustee's Initial Debtor Interview and has not provided copies of crucial documents requested well in advance of the IDI. Debtor has failed to provide any of the documents requested including proof of insurance for real property, vehicles and business property, proof of debtor-in-possession bank accounts, and copies of bank statements for the 90 days prior to the filing of the petition. Thus, the Debtor's failure to appear at the IDI and provide the documents the United States Trustee has reasonably requested qualifies as "cause" to convert or dismiss under 11 U.S.C. § 1112(b)(1) and (b)(4)(H).

### F. Once Cause is Established, Debtor has the Burden of Establishing All Elements of the Statutory Defenses Available Under 11 U.S.C. § 1112(b)(2).

Once "cause" is established, the burden then shifts to the debtor to demonstrate that §1112(b)(2) precludes relief under §1112(b)(1). *See Sanders v. United States Tr. (In re Sanders)*, 2013 Bankr. LEXIS 4681, at *18-19 (B.A.P. 9th Cir. Apr. 11, 2013). The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies

UST Motion to Convert or Dismiss Case Pursuant to 11 U.S.C. § 1112(b): 18-10505-CN            -8-

"unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate." *See* 11 U.S.C. §1112(b)(1). For the exception to apply: (1) the debtor must prove and the bankruptcy court must "find and specifically identify" that "unusual circumstances" exist to show that conversion or dismissal is not in the best interest of creditors and the estate; and (2) the debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time. *See Warren v. Young (In re Warren),* 2015 LEXIS 1775 at *11-12 (B.A.P. 9th Cir. May 28, 2015). As noted, the debtor bears the burden of proving unusual circumstances are present in the case that render dismissal or conversion is not in the best interest of creditors or the estate. *In re Sanders*, 2013 LEXIS 4681 at *18-19.

In addition to establishing unusual circumstances, a debtor or other respondents seeking to avoid conversion or dismissal must establish the requirements set forth in Section 1112(b)(2)(A)–(b)(2)(B). Section 1112(b)(2) provides:

> . . . *and* the debtor or any other party in interest establishes that–
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; *and*
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)
>
> > (I) for which there exists a reasonable justification for the act or omission; *and*
> >
> > (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2) (emphasis added).

Importantly, the Debtor must establish each of the statutory elements set forth under Section 1112(b)(2) because the statute is written in the conjunctive. *In re Om Shivai, Inc.* 447 B.R. 459, 465 (Bankr. D.S.C. 2011); *Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707, 717 (Bankr. D. Md. 2011).

UST Motion to Convert or Dismiss Case Pursuant to 11 U.S.C. § 1112(b): 18-10505-CN    -9-

Case: 18-10505    Doc# 40    Filed: 11/21/18    Entered: 11/21/18 08:50:47    Page 9 of 10

The record does not disclose any unusual circumstances that would establish justification against granting the relief requested in the Motion. In addition, the Debtor must demonstrate that the relief requested in the Motion is not predicated upon Section 1112(b)(4)(A).

Dismissal of the case appears to be in the best interest of creditors because the Debtor's creditors are primarily secured with recourse and, as stated above, the Debtor's property may have already been foreclosed. *See Rand v. Porsche Fin. Servs. (In re Rand)*, 2010 Bankr. LEXIS 5076, 2010 WL 6259960, *10 n.14 (B.A.P. 9th Cir. Dec. 7, 2010) (citing 7 Collier on Bankruptcy ¶ 1112.04[7] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed., 2010)) (identifying ten factors courts have used to determine whether dismissal or conversion is in the best interests of creditors and the estate under 11 U.S.C. §1112(b)(1)). In the alternative, the United States Trustee does not object to the Court converting the case, if the Court ultimately determines that such relief is in the best interests of the Debtor's creditors and the estate.

### III. CONCLUSION

**WHEREFORE**, the United States Trustee moves the Court to enter an order (a) granting the Motion; (b) dismissing this case, or in the alternative, converting the case, if the Court ultimately determines that such relief is in the best interests of the Debtor's creditors and the estate; and (c) granting such other relief as is just under the circumstances.

Dated: November 21, 2018      Respectfully Submitted,

        TRACY HOPE DAVIS
        UNITED STATES TRUSTEE

        By:   /s/ *Trevor R. Fehr*
              TREVOR R. FEHR
              Trial Attorney